IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| STANLEY LEE HARRIS, a/k/a ) | CASE NO. CR408-203 |
| STAN THE MAN, a/k/a CAPTIAN ) | |
| STANLEY WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is the Government's Motion for Supplemental Plea Colloquy. (Doc. 18.) In the Motion, the Government asks this Court to hold a supplemental plea colloquy so that Defendant Harris can be advised of the mandatory minimum and statutory maximum penalty he could face were he to continue to plead guilty. In his Response, Defendant has notified the Court that, after reviewing the Presentence Investigation Report, he still intends to plead guilty. (Doc. 20.) After careful consideration, the Court **GRANTS** the Government's Motion.

On October 3, 2008, Defendant pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Based on the two prior convictions contained in the indictment, the Court advised Defendant during the Rule 11 hearing that the statutory maximum penalty he could face was ten (10) years imprisonment. However, the United

States Probation Office subsequently learned that Defendant has an additional prior conviction. As a result, Defendant may be sentenced as an armed career criminal under 18 U.S.C. § 924(e). As an armed career criminal, Defendant would face a mandatory minimum penalty of fifteen (15) years imprisonment and a statutory maximum penalty of life imprisonment.

Before a defendant is sentenced under 18 U.S.C. § 924(e), the Court must notify the defendant of "any maximum possible penalty, including imprisonment, fine and term of supervised release; [and] any mandatory minimum penalty." Fed. R. Crim. P. 11(b)(1)(H)-(I), see United States v. Cobia, 41 F.3d 1473, 1476 (11th Cir. 1995). However, a supplemental plea colloquy where a defendant is notified of the applicable minimum and maximum penalties is sufficient to cure any defect where defendant was not informed of the possible penalties at the initial Rule 11 hearing. See United States v. Williams, 156 F. App'x 260, 265 (11th Cir. 2005). Accordingly, the Government's Motion is **GRANTED**, and the Court will schedule a supplemental plea colloquy.

SO ORDERED this 1ST day of December, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA