IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                         ) | CASE NO. CR408-203 |
| ) | |
| STANLEY L. HEYWARD,         ) | |
| ) | |
| Defendant.                 ) | |

## O R D E R

Before the Court is Defendant Stanley L. Heyward's Motion for Early Release Due to COVID-19 (Doc. 70) and the Government's Motion to Dismiss Defendant's motion (Doc. 71). Defendant has also filed a second Motion for Early Release (Doc. 72) on the same basis he asserts in his first motion. For the following reasons, the Government's motion (Doc. 71) is **GRANTED** and Defendant's motion (Doc. 70) is **DISMISSED**. Defendant's second motion for early release (Doc. 72) is likewise **DISMISSED**.

### BACKGROUND

In October 2008, Defendant pleaded guilty to possession of a firearm and ammunition by a convicted felon/armed career criminal. (Doc. 17.) Defendant was sentenced to 180 months' imprisonment. (Doc. 26 at 2.) According to the BOP website, Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Jesup in Jesup, Georgia with a projected release date of September 6, 2021. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on August 26, 2020).

**ANALYSIS**

Defendant requests that this Court place him in the halfway house earlier than his originally scheduled date of October 7, 2020. (Doc. 70 at 1; Doc. 72 at 2.) Defendant contends that he is a "chronic care" inmate with high blood pressure, high cholesterol, and a heart murmur. (Doc. 70 at 2; Doc. 72 at 3.) The Government has moved to dismiss Defendant's first motion for early release. (Doc. 71.) The Court finds that Defendant's motions are due to be dismissed.

I. <u>DEFENDANT'S REQUEST FOR RELEASE TO HALFWAY HOUSE</u>

First, Defendant's motions seeking early placement in the halfway house are due to be dismissed. Any decision to place Defendant in a halfway house is left to the discretion of the Bureau of Prisons ("BOP"). <u>See</u> 18 U.S.C. § 3624(c) (granting Director of the BOP authority to place prisoner in reentry program). <u>See also</u> <u>United States v. White</u>, No. 18-CR-60174-BB, 2020 WL 2937696, at *2 (S.D. Fla. June 3, 2020) (noting that a district court has no authority to order the BOP to release the defendant to a halfway house); <u>United States v. Lovelace</u>, No. 1:12-CR-402-WSD-GGB-, 2014 WL 4446176, at *2 (N.D. Ga. Sept. 9, 2014). Defendant's motions (Docs. 70, 72) seeking an order placing him in a halfway house is **DISMISSED**. The Court, however, will also consider Defendant's motions to the extent he seeks compassionate release.

II.   COMPASSIONATE RELEASE

A. Eligibility for Compassionate Release

18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court

3

is constrained by the applicable policy statements issued by the United States Sentencing Commission. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. <u>Id.</u> n.1(D). For a medical condition to qualify as an extraordinary and compelling reason, the condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii).

In seeking compassionate release, Defendant contends that he is a "chronic care" inmate with high blood pressure, high cholesterol, and a heart murmur. (Doc. 70 at 2; Doc. 72 at 3.) In response, the Government contends that Defendant's first motion should be dismissed because he did not exhaust his administrative remedies nor did Defendant allege that he ever sought compassionate release from the BOP. (Doc. 71 at 10-11.) The Court finds that Defendant has not exhausted his administrative remedies

4

and his motion is due to be dismissed. The Court may only entertain Defendant's motion after Defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). As there is no evidence that Defendant has presented his request for compassionate release to the BOP, Defendant has not exhausted his administrative remedies and the Court must dismiss Defendant's motion. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); United States v. McCloskey, No. 4:18-CR-260, 2020 WL 3078332, at *5 (S.D. Ga. June 9, 2020).

Moreover, even if Defendant had exhausted his administrative remedies, the Court finds that Defendant has not provided evidence of a medical condition that qualifies as an "extraordinary and compelling reason" for compassionate release. Defendant contends that he suffers from high blood pressure, cholesterol, and a heart murmur, however, he provides no medical evidence of these conditions. (Doc. 70 at 2; Doc. 72 at 3.) While the CDC includes high blood pressure as a condition that might place a person at increased risk of severe illness from COVID-19 and includes a serious heart condition as a condition that places a person at increased risk, Defendant has provided no evidence that he suffers from these conditions. Additionally, the Court does not find that

5

COVID-19 is in and of itself an extraordinary and compelling reason to warrant compassionate release. See Raia, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread."). Accordingly, the Court would deny Defendant's motions on the merits as well.

## CONCLUSION

Accordingly, based on the foregoing, the Government's Motion to Dismiss (Doc. 71) is **GRANTED** and Defendant's motion (Doc. 70) is **DISMISSED**. Defendant's second motion for early release (Doc. 72) is likewise **DISMISSED**.

SO ORDERED this 27th day of August 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

6